UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff*<br><br>v.<br><br>**LEAH HAGEN (1)**<br>**MICHAEL HAGEN (2)**<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | NO. 3:19-CR-00146-B |

**LEAH HAGEN'S AND MICHAEL HAGEN'S TRIAL BRIEF REGARDING THE ADMISSIBILITY OF NON-HEARSAY STATEMENTS**

The Court should find that the testimony of Raymond Shores regarding the statements made by Claire Reyes are admissible. In support of their position, Defendants Leah Hagen and Michael Hagen submit this Trial Brief.

### I. ARGUMENT AND AUTHORITIES

The Federal Rules of Evidence deem inadmissible statements that fall under the definition of hearsay, unless subject to an applicable exception. Fed. R. Evid. 802. The Rules define hearsay as a statement that (1) the declarant does not make while testifying at the current trial *and* (2) that is offered by the proponent to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c)(1)–(2). Conversely, a statement that is not offered for the truth of the matter asserted by the statement is not hearsay. *See id.*; *see also* Advisory Committee's Notes to 1972 Proposed Rules Fed. R. Evid. 801 ("If the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay."). For instance, a statement offered solely for the purpose of proving the statement's effect on the listener is not hearsay. *See United States v. Reed*, 908 F.3d 102, 120 (5th Cir. 2018) ("[A] statement is not hearsay if it is offered to prove the statement's effect on the listener."); *see also United States*

*v. Parry*, 649 F.2d 292, 295 (5th Cir. 1981) ("[W]henever an out-of-court statement is offered for some purpose other than to prove the truth of the matter asserted, the value of the statement does not rest upon the declarant's credibility and, therefore, is not subject to attack as hearsay.").

For example, in *White v. Fox*, the Fifth Circuit found that the magistrate had erred in excluding a prison inmate's testimony regarding statements from a prison guard telling the inmate that the plaintiff was a "snitch." No. 10-40843, 2012 WL 638569, at *7 (5th Cir. Feb. 28, 2012). The Fifth Circuit concluded that the guard's "statement was not necessarily offered for the truth of the matter asserted—it was not offered to *prove* [plaintiff] was a snitch. Instead it was offered to show the effect on the listener—it was offered to prove that whoever heard [plaintiff] was a snitch *believed* that he was a snitch, and, therefore, wanted to harm him." *Id.*

Here, as in *White*, it is ultimately irrelevant whether Herb Kimble was, in fact, cooperating with the Government's investigation. Rather, the statements of Claire Reyes are being offered solely to demonstrate the effect the statements had on Raymond Shores. *See White*, 2012 WL 638569, at *7. Accordingly, the statement does not constitute hearsay and is properly admissible.

Additionally, out-of-court statements are admissible as non-hearsay when introduced for the purpose of demonstrating bias or motive. *See U.S. v. Gentle*, 361 Fed. App'x 575, 580 (5th Cir. 2010) (finding exclusion of declarant's statement that went to "motive and bias" was in error). Similarly, here, Claire Reyes' statements are being introduced to demonstrate Raymond Shores' potential bias and motive in cooperating with the Government in the prosecution of this case as a means of impeaching his testimony. This is permissible under the Federal Rules of Evidence. *See id.*

## II. CONCLUSION

For the reasons stated above and those articulated during the trial in this matter, the Court should find that the testimony of Raymond Shores regarding his communications with Claire

Reyes are admissible.

[signature page follows]

| | |
|---|---|
| Dated: June 30, 2021 | Respectfully submitted, |

                                                              */s/ Jason S. Lewis*
                                                            Jason S. Lewis
Texas Bar No. 24007551
Marina Stefanova
Texas Bar No. 24093200
**DLA PIPER LLP (US)**
1900 N. Pearl Street, Suite 2200
Dallas, TX 75201
Telephone:    (214) 743-4548
Facsimile:    (214) 743-4545
jason.lewis@dlapiper.com
marina.stefanova@dlapiper.com

Jessica A. Masella (admitted *Pro Hac Vice*)
**DLA PIPER LLP (US)**
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 335-4829
Jessica.Masella@dlapiper.com

**COUNSEL FOR DEFENDANT
LEAH HAGEN**

*/s/ Sean McKenna*
Sean McKenna
State Bar No. 26007652
**SPENCER FANE LLP**
2200 Ross Avenue, Suite 4800
Dallas, TX 75201
Telephone:    (214) 459-5890
Facsimile:    (214) 750-3612
smckenna@spencerfane.com

Karen Olson (admitted *Pro Hac Vice*)
**SPENCER FANE LLP**
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
Telephone: (612) 268-7020
Facsimile: (612) 268-7001
kolson@spencerfane.com

**COUNSEL FOR DEFENDANT
MICHAEL HAGEN**

## CERTIFICATE OF SERVICE

    I hereby certify that on June 30, 2021, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system and served on all counsel of record.

                                      */s/ Jason S. Lewis*
                                      Jason S. Lewis